UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VIRGINIA CHUNG,

    Plaintiff,

    v.

BUCHALTER NEMER PC, et al.,

    Defendants.

    _____/

No. C 12-4608 PJH

**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND TO DISMISS**

    Defendants' motion to compel arbitration and to dismiss plaintiff's complaint came on for hearing before this court on October 24, 2012. Plaintiff Virginia Chung ("plaintiff") appeared in pro per. Defendant Buchalter Nemer PC appeared through its counsel, Alison Cubre. Defendant Constance Gilbert appeared through her counsel, Edward Garcia. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion, for the reasons stated at the hearing, and summarized as follows.

    When plaintiff was hired as an employee of Buchalter Nemer, she signed an arbitration agreement stating that "all claims . . . that the Firm may have against [plaintiff] or that [plaintiff] may have against the Firm or against its officers, directors, employees, or agents" would be resolved by arbitration. See Dkt. 21, Ex. B. Plaintiff now argues that three provisions of the arbitration agreement are unconscionable, and therefore unenforceable. First, plaintiff argues that the arbitration agreement provides for a shorter statute of limitations than is provided by relevant state and federal law. Second, plaintiff argues that the agreement requires any arbitration proceeding to be conducted in Los Angeles, which imposes a financial burden on plaintiff, who lives in the San Francisco Bay Area. Finally, plaintiff argues that the agreement's delegation clause, which gives the

1  arbitrator exclusive authority to determine issues of enforceability, is unconscionable.

2  　　　　In its papers and at the hearing, defendant Buchalter Nemer expressed its intention
3  to waive the arbitration agreement's venue clause, and to hold any arbitration proceeding in
4  the San Francisco Bay Area.  Buchalter Nemer also stated that it would not invoke the
5  arbitration agreement's statute of limitations to bar any of plaintiff's claims.  Thus, two of
6  plaintiff's concerns are now moot.

7  　　　　As to the delegation clause, the Supreme Court has held that "[w]hen deciding
8  whether the parties agreed to arbitrate a certain matter (including arbitrability), courts
9  generally (though with a qualification we discuss below) should apply ordinary state-law
10 principles that govern the formation of contracts."  First Options of Chicago, Inc. v. Kaplan,
11 514 U.S. 938, 944 (1995).  The "qualification" is that "[c]ourts should not assume that the
12 parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that
13 they did so."  Id. (internal citation and quotation omitted).  Thus, the test becomes whether
14 plaintiff in this case clearly and unmistakably agreed to arbitrate arbitrability.

15 　　　　In this case, the court finds that the arbitration agreement was clear in stating that
16 "[t]he Arbitrator, and not any federal, state, or local court or agency, shall have exclusive
17 authority to resolve any dispute relating to the interpretation, applicability, enforceability, or
18 formation of this Agreement."  See Dkt. 21, Ex. B.  Thus, by signing the arbitration
19 agreement, plaintiff clearly and unmistakably agreed to arbitrate all disputes related to the
20 agreement.

21 　　　　Plaintiff now argues that the arbitration agreement was an adhesion contract, and is
22 therefore unenforceable.  However, even if plaintiff is correct that the agreement was an
23 adhesion contract, that alone is not dispositive.  Under California law, "courts will not
24 enforce provisions in adhesion contracts which limit the duties or liability of the stronger
25 party unless such provisions are conspicuous, plain and clear."  Madden v. Kaiser
26 Foundation Hospitals,17 Cal.3d 699, 710 (1976).  And as stated above, the court finds that
27 the delegation clause in this case was indeed conspicuous, plain, and clear in stating that
28 the arbitrator would resolve all disputes relating to the enforceability of the arbitration

agreement.

Finally, plaintiff argues that she did not fully understand the agreement when she signed it, that defendant did not provide her a copy of the agreement after she signed it, and that defendant did not remind her of the arbitration agreement when her employment was terminated. None of these arguments are availing. As stated above, the arbitration agreement was clear in its scope, and plaintiff did not raise any questions or concerns at the time that she signed it. Defendants' failure to provide a copy after signing and failure to remind plaintiff of the arbitration agreement after termination do not render the contract unenforceable. Accordingly, defendants' motion to compel arbitration and to dismiss the complaint is GRANTED. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: October 25, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge